UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**INCHCAPE SHIPPING SERVICES, INC.,**

**Plaintiff**

v.                                                                                 Case No.: 19-434

**M/Y BRAMBLE, its engines,**                               FRCP 9(h)
**tackle and appurtenances,** *In Rem*, **and**        In Admiralty
**BRAMBLE HISTORICAL**
**EPIC COMPANIES, LLC,**
*In Personam,*

**Defendants.**

## VERIFIED COMPLAINT

Plaintiff, Inchcape Shipping Services, Inc. ("Inchcape") files its Verified Complaint against the M/Y BRAMBLE, her engines, tackle and appurtenances, *in rem*, and Bramble Historical Epic Companies, LLC, *in personam* in a cause of action for breach of maritime contract, and respectfully represents as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333, Rule 9 (h) of the Federal Rules of Civil Procedure, and the Federal Maritime Lien Act, 46 U.S.C. §31301, *et seq.*

### PARTIES

2. Plaintiff is a corporation organized and existing under the laws of Canada, with its principal place of business in Quebec. Plaintiff is in the business of providing services to vessels and vessel owners, charterers and operators which are necessary for the safe operation and

navigation of vessels. This includes, but is not limited to, arranging for bunkers, supplies, repairs, etc., and advancing the costs associated with same.

3. M/Y BRAMBLE is a 54-meter steel hulled vessel, ex-USCG cutter, now used a pleasure yacht / recreational vessel. The BRAMBLE is now, or will be during this action within this District and the jurisdiction of this Court.

4. Bramble Historical Epic Companies, LLC (BHEC) is, based on information and belief, the owner of the M/Y BRAMBLE. BHEC is a foreign corporation, not registered to do business in the State of Alabama.

## **CLAIMS AGAINST DEFENDANTS**

5. At the request of BHEC and/or the charterer of the BRAMBLE or its authorized agent, Inchcape provided necessaries to the BRAMBLE during the period March – April 2019. Copies of the invoicing and/or disbursement account records in the amount of $178,000.00 are attached and incorporated herein as Exhibit A. Additional sums may be owed relating to the necessaries and services provided in an amount yet to be determined. Plaintiff reserves the right to amend and supplement its damages claim.

6. The pre-arrest necessaries and services provided by Plaintiff to the M/Y BRAMBLE were necessary for the operations of the vessel in its ordinary usage, and have a fair market value in the total amount of $178,000.00 (exclusive of interest, costs and attorney's fees), none of which has been paid despite due demand therefore.

7. BHEC has failed to make payment to Plaintiff for such necessaries and services.

8. As shown by the attached "Verification," the foregoing allegations are true and correct and within the admiralty jurisdiction of this Court.

9. Pursuant to the General Maritime Law and the Federal Maritime Lien Act, Plaintiff has one or more maritime liens against the M/Y BRAMBLE totaling $178,000.00, plus pre-judgment and post-judgment interest, costs, attorney's fees and collection expenses.

10. Pursuant to the Federal Maritime Lien Act, Plaintiff is entitled to have this Court recognize its lien(s) against the M/Y BRAMBLE and is additionally entitled to judgment against the vessel in the full amount of its claims, plus interest, cots and attorney's fees.

11. Further, based on the refusal of BHEC to pay the sums owed as mentioned aforesaid, Plaintiff is entitled to (i) judgment against the M/Y BRAMBLE, its engines, tackle and apparel, *in rem*, in the amount of its claims, plus interest, costs and attorney's fees; (ii) to have the M/Y BRAMBLE seized and sold by the United States Marshal or other person authorized by this Court to satisfy these claims and said liens asserted herein by Plaintiff; and (iii) judgment against BHEC, in *personam*. Plaintiff further shows that it is entitled to first monies received from the sale following satisfaction of the expenses of the legal administration of the vessel while *in custodia legis*.

WHEREFORE, Plaintiff Inchcape Shipping Services, Inc., prays that citation be issued and served upon the M/Y BRAMBLE, her engines, tackle and appurtenances, *in rem*, as well as Bramble Historical Epic Companies, LLC, *in personam*, in the form and manner prescribed by law, and that all persons claiming an interest in said vessel be cited to appear and answer the matters herein, and that – after due proceedings are had – judgment be entered against the M/Y BRAMBLE, her engines, tackle and appurtenances, *in rem*, as well as the Defendant Bramble

33902732 v1

Historical Epic Companies, LLC, *in personam*, and in favor of Plaintiff Inchcape Shipping Services, Inc., in the sum of $178,000.00, plus interest, costs and attorney's fees.

Plaintiff further prays that the M/Y BRAMBLE, her engines, tackle and appurtenances, be seized, condemned and sold to pay such sums, and for all other, further and different relief as justice so requires.

Done this the 2nd day of August, 2019.

Respectfully submitted,

*s/John P. Kavanagh, Jr.*
John P. Kavanagh, Jr.
Blake T. Richardson

Attorneys for Plaintiff
Inchcape Shipping Services, Inc.

OF COUNSEL:
Burr & Forman LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
Email: jkavanagh@burr.com
        btrichardson@burr.com

**INSTRUCTIONS TO U.S. MARSHAL:**

**The M/Y BRAMBLE is located, safely afloat, at EPIC Alabama Shipyard, 660 Dunlop Drive // Mobile, Alabama.**

33902732 v1

## VERIFICATION

STATE OF ALABAMA

COUNTY OF MOBILE

    COMES NOW before the undersigned authority John P. Kavanagh, Jr., who first being duly sworn, does depose and say as follows:

    My name is John P. Kavanagh, Jr. and I am an adult resident of Mobile County, Alabama. I am a partner in the Burr & Forman, LLP law firm. My firm and I represent the Plaintiff Inchcape Shipping Services, Inc.

    Inchcape Shipping Services, Inc. is not located within this district, nor does it have a corporate officer in the district to make this Verification. Therefore, as attorney-in-fact for Plaintiff, the undersigned makes this Verification and attest that the information in this Complaint is true and correct based on personal knowledge and/or information and belief as supported by the representations made to the undersigned by his clients, documents and information reviewed by the undersigned. The undersigned further confirms that he is authorized to act and make this Verification on behalf of Inchcape Shipping Services, Inc.. L.R. 104 E(c).

    Further affiant sayeth not.

_____
John P. Kavanagh, Jr.
Attorney-in-fact for Plaintiff
Inchcape Shipping Services, Inc.

SWORN TO and subscribed before me
On this the 2 day of August, 2019

_____
Notary Public
My commission expires:

HOLLY H MCLELLAN
My Commission Expires
July 26, 2020

33902732 v1