# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**INCHCAPE SHIPPING SERVICES, INC.,**

**Plaintiff**

v.    Case No.: 1:19-cv-00434-TFM-B

**M/Y BRAMBLE, its engines,**    FRCP 9(h)
**tackle and appurtenances,** *In Rem***, and**    In Admiralty
**BRAMBLE HISTORICAL**
**EPIC COMPANIES, LLC,**
*In Personam,*

**Defendants.**

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Plaintiff, Inchcape Shipping Services, Inc. ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an order appointing Global Maritime Security ("Global Maritime") as substitute custodian of the M/Y BRAMBLE (the "Vessel"), and represents the following:

1.    On August 2, 2019, Plaintiff initiated the above-styled action praying that the Vessel, her engines, tackle and appurtenances be condemned and sold to pay Plaintiff's demands and claims against the Vessel and for other proper relief.

2.    On August 2, 2019, a motion was filed with the Clerk of the Court requesting issuance of a Warrant of Arrest, which will direct the United States Marshal for the Southern District of Alabama to seize, and take into possession and hold the M/Y BRAMBLE, her engines, tackle and appurtenances.

3.      Pursuant to the Warrant of Arrest, it is contemplated that the Marshal will seize the Vessel forthwith. Custody by the Marshal requires the services of one or more custodians and other services usually associated with safekeeping vessels similar to the M/Y BRAMBLE.

4.      The Vessel is currently moored in the Port of Mobile, Alabama, at Epic Alabama Shipyards located at 660 Dunlap Drive, Mobile, AL 36603. Global Maritime, located at P.O. Box 1701, Gretna, LA 70054, has agreed to assume the responsibility of safekeeping the Vessel and has consented to act as custodian of the Vessel upon order of this Court, at the rate of $35 per hour. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Vessel to the substitute custodian for safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

5.      Global Maritime by declaration of John Saltzman, attached hereto as Exhibit A and made a part hereof, avers that it has adequate facilities and supervision for proper maintenance and safekeeping of the Vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

6.      Global Maritime is currently serving as substitute custodian for two other vessels at the shipyard; to wit:  the DB HEDRON and the M/V ARAPAHO.

THEREFORE, in accordance with the representations set forth in this motion, Plaintiff requests this Court to enter an order appointing Global Maritime as Substitute Custodian for the Vessel.

Done this 2nd day of August, 2019.

Respectfully submitted,

*s/John P. Kavanagh, Jr.*
John P. Kavanagh, Jr.
Blake T. Richardson

Attorneys for Plaintiff
Inchcape Shipping Services, Inc.

OF COUNSEL:
Burr & Forman LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
Email: jkavanagh@burr.com
         btrichardson@burr.com