# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| INCHAPE SHIPPING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> M/Y BRAMBLE, its engines, tackle, and appurtenances, *In Rem*, and BRAMBLE HISTORICAL EPIC COMPANIES, LLC, *In Personam*, <br><br> Defendants. | CASE NO. 19-434 <br><br> IN ADMIRALTY <br> *IN REM* |

## VERIFIED COMPLAINT IN INTERVENTION

COMES NOW, Alabama Shipyard, LLC, formerly known as EPIC Alabama Shipyard, LLC (hereafter "Alabama Shipyard"), and for its Verified Complaint in Intervention against Defendants M/Y BRAMBLE, its engines, tackle, and appurtenances, *in rem*, and alleges as follows:

## JURISDICTION

1.

This claim in intervention is an admiralty and maritime action within the meaning of Fed. R. Civ. P. 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure, and this Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1333. Alabama Shipyard is entitled to intervene as a right according to Rule 24(a) of the FRCP.

{N3908956.1}

## PARTIES

2.

At all times mentioned, Plaintiff-in-Intervention Alabama Shipyard is a limited liability company organized and existing under the laws of Delaware with a shipyard located in Mobile, Alabama.

3.

At all times mentioned, Defendant, M/Y BRAMBLE, was and now is an ex-USCG cutter now used as yacht / pleasure craft / recreational vessel, and is being fitted for an expedition to the Northwest Passage near the Arctic Circle (*See* www.bramblereborn.com for further information). The M/Y BRAMBLE is now, or during the pendency of this action will be, within the Southern District of Alabama, having been arrested by Order of this Court on August 2, 2019. Upon information and belief, the vessel is owned by USCG Bramble, LLC.

## FACTS

4.

Plaintiff-in-Intervention, Alabama Shipyard, provides various services including ship repairs, construction and refitting.

5.

At the request of Clarke Investments as owner representative or authorized agents of the M/Y BRAMBLE, Alabama Shipyard began work on the provision of necessaries to the M/Y BRAMBLE, including repairs and refitting. The work was provided to, *inter alia,* outfit and prepare the vessel for the Northwest Passage. As work was completed by Alabama Shipyard, a corresponding invoice was issued by Alabama Shipyard. The invoice is attached and incorporated herein as Exhibit "A." Payment was due upon receipt. The goods and services were necessary for the operations of the vessel in its ordinary trade, and a maritime lien exists.

6.

The total sum of the costs of services rendered by Alabama Shipyard for necessaries provided to Defendant M/Y BRAMBLE is the fair market value of $302,815.63 (exclusive of interests, costs, and attorney's fees) as per the attached invoice (Exhibit "A." As of the date of filing, the invoiced sum remains unpaid and outstanding.

7.

Plaintiff-in-Intervention, Alabama Shipyard, has a maritime lien against the Defendant, M/Y BRAMBLE, arising out of the vessel's failure to pay for the necessaries provided by Alabama Shipyard, and therefore files this Verified Complaint in Intervention to enforce said maritime lien.

8.

Further, based on the failure of ownership interests in the M/Y BRAMBLE to pay the aforementioned sums owed and continuing, Alabama Shipyard is entitled to judgment against the M/Y BRAMBLE, its engines, tackle, and appurtenances, *in rem*, in the amount of its claims, plus interest, costs and attorney's fees.

9.

The M/Y BRAMBLE is under arrest and held by a consent custodian at the Alabama Shipyard' facility.  Alabama Shipyard has provided and continues to provide docking and berthage for the M/Y BRAMBLE at its facility, subsequent to the performance of the work depicted in Exhibit "A" and subsequent to this Court's issuance of the arrest warrant for the M/Y BRAMBLE. The docking and berthage fees incurred by the M/Y BRAMBLE are reflected in Exhibit "B." Alabama Shipyard further requests that these expenses incurred in safekeeping the M/Y BRAMBLE be declared to be *custodia legis* expenses, including expenses associated with fuel storage and berthage and that such expenses be paid prior to the release of the M/Y BRAMBLE or the distribution of proceeds of its sale.

10.

In the alternative, if the fuel storage and berthage charges depicted in Exhibit "B" are not declared to be *custodia legis* expenses, then Alabama Shipyard submits that those expenses are necessaries and, therefore, a maritime lien exists for those charges, in addition to the charges for the services depicted in Exhibit "A."

11.

As Intervenor, Alabama Shipyard joins in the arrest and prays for service, *in rem*.

WHEREFORE, Plaintiff-in-Intervention, Alabama Shipyard, prays that:

1. Process in due form of law and citation be issued and served against Defendant, M/Y BRAMBLE, *in rem*, pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure and pursuant to SD ALA LAR 6, and that all persons claiming an interest in said vessel be cited to answer the claims herein;

2. Judgment be entered in favor of Plaintiff-in-Intervention, Alabama Shipyard, and against the M/Y BRAMBLE, *in rem*, for all sums shown to be due and owing at trial, together with interest, costs, and attorneys' fees;

3. The M/Y BRAMBLE be condemned and sold to satisfy any judgment awarded by the Court in favor of Plaintiff-in-Intervention, Alabama Shipyard and that Alabama Shipyard receive the first monies received from seizure and sale for the amount of its maritime lien for necessaries following satisfaction of the expenses of the legal administration and berthing of the vessel while in *custodia legis,* including Alabama Shipyard' *custodia legis* charges for fuel storage and berthage; and

4. Plaintiff-in-Intervention, Alabama Shipyard, have such other, further, and different relief as it may be entitled to receive.

Respectfully submitted,

/s/ *James Rebarchak*

JAMES REBARCHAK
OF COUNSEL
JONES WALKER LLP
RSA Battle House Tower
11 North Water Street, Suite 1200
Mobile, AL  36602
Telephone: (251) 432-1414
Facsimile: (251) 433-4106
jrebarchak@joneswalker.com

and

GRADY S. HURLEY (#13913), *ad hoc*
R. SCOTT JENKINS (#23144), *ad hoc*
CHRISTOPHER K. ULFERS (#36712), *ad hoc*
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, LA  70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8346
ghurley@joneswalker.com
sjenkins@joneswalker.com
culfers@joneswalker.com

***Attorneys for Plaintiff-in-Intervention Alabama Shipyard, LLC***

## CERTIFICATE OF SERVICE

     I hereby certify that on the _____ day of October, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.  I also certify that I have emailed or mailed this filing by United States Postal Service to any non-CM/ECF participants.

                                                           /s/ *James Rebarchak*

**REQUEST AND INSTRUCTIONS FOR *IN REM* SERVICE:**

The M/Y BRAMBLE remains subject to writ of arrest (Doc. 6) and is in the care, custody and control of a substitute custodian; service is requested *in rem*.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **INCHAPE SHIPPING SERVICES, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **M/Y BRAMBLE, its engines, tackle, and appurtenances,** *In Rem***, and BRAMBLE HISTORICAL EPIC COMPANIES, LLC,** *In Personam,* ) <br> ) <br> **Defendants.** ) | **CASE NO. 19-434** <br><br> **IN ADMIRALTY** <br> *IN REM* |

## **ORDER**

The M/Y BRAMBLE is under arrest as per prior Court Order and is under the care of an approved custodian. Considering the Verified Complaint in Intervention,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Alabama Shipyard, LLC join in the arrest as a Plaintiff-in-Intervention.

Mobile, Alabama, this _____ day of October, 2019.

---
UNITED STATES DISTRICT COURT JUDGE

{N3908956.1}