UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| INCHCAPE SHIPPING SERVICES, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACT. NO. 1:19-cv-434-TFM-B |
| M/Y BRAMBLE, its engines, tackle and appurtenances, *In Rem*, and BRAMBLE HISTORICAL EPIC COMPANIES, LLC, *In Personam,* | : : : : : : | FRCP 9(h) In Admiralty |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Intervenor Plaintiff JP's Marine Services, LLC's, *Unopposed Motion for Partial Disbursement of Sale Proceeds*. Doc. 73, filed December 18, 2019. Intervenor Plaintiff JP's Marine Services, LLC, requests the Court approve a partial disbursement of the sale proceeds of the M/Y BRAMBLE to Global Maritime Security for its *custodia legis* services that it rendered as a court-appointed substitute custodian for the benefit of the M/Y BRAMBLE. *Id.* at 3. Having considered the motion, the absence of opposition to the motion, and relevant law, the Court finds the Motion for Partial Disbursement of Sale Proceeds is due to be **GRANTED**.

### I. THE PARTIES

Hereinafter, the Court will refer to Plaintiff Inchcape Shipping Services, Inc., as "Inchcape;" Intervenor Plaintiff JP's Marine Services, LLC, as "JPMS;" Substitute Custodian Global Maritime Security as "Global Maritime;" Intervenor Alabama Shipyard, LLC, as "Alabama Shipyard;" *in rem* Defendant M/Y BRAMBLE as the "Vessel;" Defendant Bramble Historic Epic

Companies, LLC, as "Bramble Historic;" and Defendant Orinoco Natural Resources, LLC, as "Orinoco."

## II.     PROCEDURAL BACKGROUND

On August 2, 2019, Inchcape filed its Verified Complaint in which it brought its maritime lien claim against the Vessel *in rem*, and the Vessel's owner, Bramble Historic, *in personam*, pursuant to 28 U.S.C. § 1333, Fed. R. Civ. P. 9(h), and the Federal Maritime Lien Act, 46 U.S.C. §§ 31301-31343, for necessaries and services that were provided to the Vessel.  Doc. 1.  On the same day, Inchcape requested the Court issue a Warrant of Arrest for the Vessel and substitute Global Maritime as custodian of the Vessel in lieu of the United States Marshal.  Docs. 2-3.  The Court granted Inchcape's requests.  Docs. 4, 6.

On August 27, 2019, pursuant to Rule C(4), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action ("Supplemental Rules for Admiralty or Maritime Claims"), and S.D. Ala. CivLR 102(b), Inchcape requested the Court approve its "Notice of Action In Rem and Arrest of Vessel" and authorize Inchcape to publish said notice.  Doc. 12.  The Court granted Inchcape's request, approved Inchcape's notice, and ordered Inchcape to publish the notice in accordance with S.D. Ala. CivLR 102(b).  Doc. 13.

On September 16, 2019, Inchcape filed its motion to amend its complaint, which the Court granted, to add Orinoco as a defendant upon information that Orinoco may have been an owner of the Vessel.  Docs. 16-17.  Inchcape filed its amended complaint on September 17, 2019.  Doc. 18.

On September 23, 2019, Inchcape filed its proof of publication of the notice.  Doc. 21.  On September 26, 2019, JPMS timely filed its Verified Complaint in Intervention to assert its maritime lien claims.  Doc. 22.

On October 8, 2019, Inchcape filed its Motion for Interlocutory Sale of Vessel in which it requested, pursuant to Rule E(9), Supplemental Rules for Admiralty or Maritime Claims, the Court condemn and sell the Vessel at a public sale, the proceeds of said sale be held in the Registry of the Court pending final judgment in this matter, and to issue notice of the sale in accordance with S.D. Ala. CivLR 104(m)(1). Doc. 26. JPMS joined in Inchcape's motion. Doc. 27. On October 15, 2019, the Court granted Inchcape's motion, set the Vessel's public sale date on November 6, 2019, and ordered notice of the sale be appropriately published. Doc. 30. Upon unopposed motion by Inchcape, the Court authorized the use of National Liquidators as a broker to promote the sale of the Vessel and its fees for such services would be considered a *custodia legis* cost. Docs. 35, 40.

On October 24, 2019, Alabama Shipyard filed its Verified Complaint in Intervention to asserts its maritime lien claims. Doc. 34.

On November 5, 2019, Inchcape filed its Joint Motion to Reschedule Marshal's Sale in which it requested the Court reschedule the public sale of the Vessel to allow the broker additional time to stoke interest in the Vessel. Doc. 41. The Court granted Inchcape's motion, rescheduled the public sale to December 4, 2019, and ordered notice of the sale be appropriately published. Doc. 42.

On December 4, 2019, the Vessel was sold at public auction to Modern American Recycling Services, Inc., for $80,000.00, which amount was deposited with the Court. Doc. 56. On December 12, 2019, the Court confirmed the sale of the Vessel and transferred the Vessel's title to Modern American Recycling Services, Inc. Doc. 69.

On December 6, 2019, Global Maritime filed its Motion for Payment of *In Custodia Legis* Expenses and to be Released as the Substitute Custodian. Doc. 55. On December 9, 2019,

Alabama Shipyard filed its Motion for Payment of *In Custodia Legis* Expenses. Doc. 57. On December 10, 2019, Inchcape filed its Motion for (1) Payment of *Custodia Legis* Expenses and (2) Order Determining Further Allocation of Same. Doc. 61. Finally, on December 18, 2019, JPMS filed its Unopposed Motion for Partial Disbursement of Sale Proceeds. Doc. 73.

### III. FACTUAL BACKGROUND

On August 2, 2019, Global Maritime was appointed as substitute Custodian by the Court. Doc. 6. After the Vessel was sold at public auction and the Court confirmed the sale, Global Maritime surrendered possession of the Vessel to Modern American Recycling Services, Inc. Docs. 56, 69. Inchcape paid Global Maritime's invoices for August and September 2019, but did not pay for Global Maritime's custodial services that were provided until possession of the Vessel was surrendered. Doc. 66. For Inchcape's custodial services, it charged a rate of $35.00 per hour or $840.00 per day and, at said rate, is owed $67,925.00 for its services that were provided in October, November, and December 2019 until it surrendered possession of the vessel. Docs. 70-71.

### IV. STANDARD OF REVIEW

> A maritime lien is "[a] special property right in a ship given to a creditor by law as security for a debt or claim subsisting from the moment the debt arises[.]" *Galehead, Inc. v. M/V Anglia*, 183 F.3d 1242, 1247 (11th Cir. 1999) (alterations in original) (quoting *Black's Law Dictionary* 969 (6th ed. 1990)). The Maritime Commercial Instruments and Liens Vessel Identification Act ("Federal Maritime Liens Act" or "FMLA") provides that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel." 46 U.S.C. § 31342. Yet, the long established rule in admiralty law is that "no lien can attach to a vessel while she is in juidical custody." *Donald D. Forsht Assocs., Inc. v. TransamericaICS, Inc.*, 821 F.2d 1556, 1561 (11th Cir. 1987); *accord Oil Shipping (Bunkering) B.V. v. Sonmez Denizcilik Ve Ticaret A.S.*, 10 F.3d 176, 178-79 (3d Cir. 1993) ("Since the seizure revokes all authority to incur liabilities on behalf of the ship, *one who renders services without first requiring the Court's permission, does so at his risk*." (emphasis added)). Instead, claims for necessaries provided to a ship after its arrest "are paid as 'expenses of justice' in priority to all lien claims when the dictates of 'equity and good conscious' so

require." *Donald D. Forsht Assocs.*, 821 F.2d at 1561; *accord New York Dock Co. v. The Poznan*, 274 U.S. 117, 120-21, 47 S. Ct. 482, 71 L. Ed. 955 (1927); *Kingstate Oil v. M/V Green Star*, 815 F.2d 918, 922 (3d Cir. 1987) ("A person furnishing goods or services to a vessel after its arrest . . . does not acquire a maritime lien against the vessel for the value of those goods or services."); *General Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 815-16 (5th Cir. 1982); *Bassis v. Universal Line, S.A.*, 484 F.2d 1065, 1068 (2d Cir. 1973) ("[T]hose furnishing custodial services to a ship in *custodia legis* are gambling on a wholly unpredictable result unless they take the precaution of having their services authorized in advance by an order of the custodial court." (internal quotation marks omitted)); *Payne v. S.S. Tropic Breeze*, 423 F.2d 236, 239 (1st Cir. 1970) ("Expenditures while a ship is in *custodia legis* do not give rise to maritime liens. . . . [But] a district court, sitting in admiralty, has the equitable power to give priority to [such] claims.").

*Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1272-73 (11th Cir. 2006).

## V. DISCUSSION AND ANALYSIS

"[S]ervices or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court . . . should be allowed as a *custodia legis* expense." *Drill Ship Mission Expl.*, 668 F.2d at 816. Here, Global Maritime was appointed by the Court as a substitute custodian and acted under that authority. Doc. 6. Additionally, the other two (2) claimants in this matter, Inchcape and Alabama Shipyard, do not object to the payment to Global Maritime from the Vessel sale proceeds of its custodial services costs. Doc. 73. ¶ 6. Therefore, the motion is granted and Global Maritime is awarded its custodial services costs in the amount of $67,925.00.

## VI. CONCLUSION

Based on the foregoing analysis, JMPS's Unopposed Motion for Partial Disbursement of Sale Proceeds (Doc. 63) is hereby **GRANTED** pursuant to S.D. Ala. CivLR 67(e). The Clerk of Court is **DIRECTED** to disburse to Substitute Custodian Global Maritime Security the amount of **$67,925.00** for its rendered custodial services. Consequently, Global Maritime's Motion for Payment of *In Custodia Legis* Expenses and to be Released as the Substitute Custodian is

**GRANTED** insofar as Global Maritime requests to be paid for its custodial services and **MOOT** as to its request to deliver possession of the M/Y BRAMBLE to another custodian.

**DONE** and **ORDERED** this 6th day of January 2020.

                                              /s/ Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE