# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| INCHCAPE SHIPPING SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 1:19-cv-434-TFM-B |
| | : | |
| M/Y BRAMBLE, its engines, | : | FRCP 9(h) |
| tackle and appurtenances, *In Rem*, and | : | In Admiralty |
| BRAMBLE HISTORICAL | : | |
| EPIC COMPANIES, LLC, and ORINOCO | : | |
| NATURAL RESOURCES, LLC, | : | |
| *In Personam,* | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Pending before the Court is Intervenor Alabama Shipyard, LLC's *Motion to Dismiss Intervention*. Doc. 99, filed September 25, 2020. Intervenor Alabama Shipyard, LLC's ("Alabama Shipyard"), does not state pursuant to which Federal Rule of Civil Procedure it brings its motion but it is styled as a motion and is not signed by all of the parties that have appeared in this matter, so the Court construes the motion as a motion to dismiss Alabama Shipyard's claims against the M/Y BRAMBLE, *in rem*, pursuant to Fed. R. Civ. P. 41(a)(2).[1] *Id.* In support of Alabama

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties, Alabama Shipyard requests its claims be dismissed and the stipulation is not signed by all of the served parties. Thus, the Court finds it proper to construe Alabama Shipyard's motion as a motion to dismiss its claims pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474

Shipyard's motion, it states it has settled any *custodia legis* claims with Plaintiff Inchcape Shipping Services, Inc., and the co-claimants in this matter do not object to the motion. *Id.*

Upon consideration of the construed motion (Doc. 99), it is **ORDERED** it is **GRANTED**, and all of Alabama Shipyard's claims against the M/Y BRAMBLE are **DISMISSED with prejudice**, with each party to bear their own costs.

**DONE** and **ORDERED** this the 25th day of September 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).