## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| INCHCAPE SHIPPING SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 1:19-cv-434-TFM-B |
| | : | |
| M/Y BRAMBLE, its engines, tackle and appurtenances, *In Rem*, and BRAMBLE HISTORICAL EPIC COMPANIES, LLC, *In Personam,* | : : : : : | FRCP 9(h) In Admiralty |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are the *Claimants' (1) Voluntary Dismissal and (2) Agreement to Set Aside Default* (Doc. 112, filed January 13, 2021) and Plaintiff Inchcape Shipping Services, Inc.'s, *Motion to Withdraw Request for Entry of Default Judgment* (Doc. 114, filed January 26, 2021). Plaintiff Inchcape Shipping Services, Inc. ("Inchcape") and Intervenor Plaintiff JP's Marine Services, LLC ("JPMS"), request the Court (1) set aside the Clerk's entry of default against Defendant Orinoco Natural Resources, LLC ("Orinoco"), (2) dismiss Inchcape's and JPMS's claims against Orinoco, and (3) cancel the January 14, 2021 telephonic status conference. Doc. 112. Inchcape further requests the Court withdraw its previously filed Motion for Entry of Default Judgment by Clerk against Defendant Bramble Historical Epic Companies, LLC ("BHEC"). *Id.*

Upon application by JPMS and Inchcape, the Clerk of Court entered default against Orinoco, pursuant to Fed. R. Civ. P. 55(b)(1), on September 10 and 18, 2020, respectively, for its failure to file an affirmative response to either Inchcape's complaint or JPMS's intervenor complaint. *See* Docs. 85, 91, 93, 96. Subsequently, Inchcape and JPMS each filed a motion for

default judgment against Orinoco, and the Court set the motions for an evidentiary hearing and directed the Clerk of Court serve Orinoco with a copy of the Order. Docs. 87, 95, 103. Orinoco was served a copy of the Order on December 22, 2020, and filed its motion to vacate default and opposition to entry of default judgment ("motion to vacate default"). Docs. 104, 106. In support of its motion to vacate default, Orinoco states it did not own an interest in the M/Y BRAMBLE at the relevant times to this action and a contract did not exist, nor has been produced, between Orinoco and either Inchcape or JPMS. Doc. 106.

In Inchcape's and JPMS's joint motion, they agree the Clerk of Court's entries of default against Orinoco should be set aside and their claims against Orinoco should be dismissed without prejudice. For good cause, the Court may set aside an entry of default. FED. R. CIV. P. 55(c). The Court finds good cause to set aside the Clerk of Court's entries of default against Orinoco, pursuant to Fed. R. Civ. P. 55(c), based on Orinoco's assertions in its motion to vacate default. Further, the Court construes Inchcape's and JPMS's request to dismiss their claims against Orinoco as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and Inchcape and JPMS request the Court dismiss only one (1) of the named defendants, and the instant motion is not signed by all of the served parties. Thus, the Court finds it proper to construe Inchcape's and JPMS's joint motion as a motion to dismiss Orinoco pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Accordingly, it is **ORDERED** as follows:

(1) Orinoco's motion to vacate default (Doc. 106), as agreed to by Inchcape and JPMS (Doc. 112), is **GRANTED**;

(2) The Clerk of Court's entries of default against Orinoco (Docs. 91, 97) are **SET ASIDE**;

(3) Inchcape's and JPMS's voluntary dismissal (Doc. 112), which is construed as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), is **GRANTED**, and Inchcape's and JPMS's claims against Orinoco are **DISMISSED without prejudice**, with each party to bear their own costs and attorneys' fees;

(4) Inchcape's motion to withdraw (Doc. 114) is **GRANTED**, and its motion for default judgment against Orinoco and BHEC (Doc. 95) is **DENIED as moot**; and

(5) JPMS's motion for default judgment against Orinoco (Doc. 87) is **DENIED as moot**.

As noted by Inchcape in its motion to withdraw (Doc. 114), all of the claims against the *in personam* defendants now are resolved. Therefore, the Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 26th day of January 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE